UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

THOMAS SYNDERGAARD,　　　　　　　　　　　　　　　Case No. 16-cv-1402

　　　　　Plaintiff,
vs.

CONTINENTAL CENTRAL CREDIT,
INC.

　　　　　Defendant.

# COMPLAINT

NOW COMES, Plaintiff Thomas Syndergaard, by and through his attorneys, DeLadurantey Law Office, LLC and complains of Defendant Continental Central Credit, Inc. and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1. This lawsuit arises from illegal collection attempts of the Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq*.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States. This Court also has jurisdiction pursuant to 15 U.S.C. §

1692k(d), as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

4. This Court has supplemental jurisdiction over the claims arising under the WCA under 28 U.S.C. § 1367, because the WCA claims are related to the FDCPA claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the Defendant resides. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

6. Plaintiff Thomas Syndergaard (hereinafter "Mr. Syndergaard") is a natural person who resides in the city of Cudahy, County of Milwaukee, State of Wisconsin.

7. Defendant Continental Central Credit, Inc. ("Defendant Continental") is a foreign corporation with its principal place of business at P.O. Box 131120, Carlsbad, CA 92013, and a registered agent of Grabielita C. Spielman, 5611 Palmer Way, Ste G, Carlsbad, CA 92010.

8. Defendant Continental is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

9. Defendant Continental is a "debt collector" pursuant to Wis. Stat. §427.103(3).

## Factual Allegations

10. Mr. Syndergaard received a collection letter from Defendant Continental.

11. Defendant Continental claimed that he had a balance due, with a principal balance of $24,650.00.

12. The date of last payment on this account was listed as December 2008.

13. This debt is past the applicable statute of limitations in Wisconsin. Wis. Stat. § 893.43.

14. In July, 2016, Mr. Syndergaard sent a letter to Defendant Continental, disputing the debt, and requesting validation.

15. Defendant Continental responded to requests from Mr. Syndergaard, incorrectly verifying that a balance was owed.

**Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Mr. Syndergaard is a consumer as defined by 15 U.S.C. §1692a(3).

18. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), with respect to the Plaintiff.

19. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which Defendant Continental did when they tried to collect on a paid account by sending collection letters to Mr. Syndergaard.

20. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which they did when they tried to collect on an account past the statute of limitations.

21. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

22.     Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Count 2 – Violations of the Wisconsin Consumer Act, (Wis. Stat. § 427.104(c))

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer."

25.     Sending collection letters to Mr. Syndergaard can reasonably be expected to cause harassment to him.

26.     Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

27.     Defendant Continental had knowledge or reason to know that Mr. Syndergaard no longer owed anything on the past debt, but they still attempted to collect.

28.     Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

29.     Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308.

### Trial by Jury

30.     Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Syndergaard pray that judgment be entered against Defendant for:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
D. Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 *et al.*;
E. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and
F. Other and further relief as may be just and proper.

Dated this 18th day of October, 2016.

/s/ Heidi N. Miller
Nathan E. DeLadurantey, 1063937
Heidi N. Miller, 1087696
DELADURANTEY LAW OFFICE, LLC
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
E: heidi@dela-law.com

*Attorneys for the Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Thomas Syndergaard, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Thomas Syndergaard